# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

| | | |
|---|---|---|
| CARMELO FIGUEROA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | NO. 1:21-CV-045-P |
| | § | (NO. 1:18-CR-074-P) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Carmelo Figueroa ("Movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 1:18-CR-074-P, and applicable authorities, finds that the motion should be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On November 14, 2018, Movant was named in a two-count indictment charging him in count one with assaulting a federal officer resulting in bodily injury, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and in count two with assaulting a different federal officer resulting in bodily injury, in violation of 18 U.S.C. §§ 111(a)(1) and (b). CR Doc.[1] 1.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 1:18-CR-074-P.

Movant initially entered a plea of not guilty as to each count. CR Doc. 14. He later entered into a plea agreement pursuant to which he agreed to plead guilty to count one of the indictment. CR Doc. 18. Movant and his attorney signed the written plea agreement, which provided, among other things, that the maximum penalty that could be imposed included imprisonment for a term not to exceed twenty years; Movant understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines; although Movant and his attorney had reviewed the guidelines, Movant understood that no one could predict with certainty the outcome and that Movant would not be allowed to withdraw his plea if his sentence was higher than expected; Movant had thoroughly reviewed all legal and factual aspects of his case with his attorney and was fully satisfied with his attorney's legal representation; Movant waived his right to appeal and to contest the conviction and sentence in any collateral proceeding except to appeal a sentence exceeding the statutory maximum punishment or an arithmetic error, to challenge the voluntariness of his plea or waiver, and to bring a claim of ineffective assistance of counsel. *Id.* Movant and his counsel also signed a factual resume setting forth the elements of the offense and the stipulated facts establishing that Movant had committed the offense charged in count one of the indictment. CR Doc. 20.

On April 16, 2019, Movant appeared before the Court with the intent to enter a plea of guilty to count one of the indictment. CR Doc. 21. He and his attorney signed a notice regarding entry of a plea of guilty consenting to conduct of the proceedings by the United States Magistrate Judge. CR Doc. 22. Movant testified under oath that: he had discussed with his attorney how the sentencing guidelines might apply in his case; he understood that

no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case; he and his attorney had had a full opportunity to discuss his case and the proposed plea and Movant was satisfied with the advice and representation he had received; he understood the charges; he understood the essential elements of the charge; the facts contained in the factual resume were true and correct and he committed each of the essential elements of the offense to which he was pleading guilty; no one threatened him or made any promises to him to induce him to plead guilty; he reviewed the plea agreement with his attorney and all of his agreements with the government were contained in the document; he understood that he was waiving his right to appeal except in limited circumstances; and, he faced a term of imprisonment of not more than twenty years. CR Doc. 49. The Magistrate Judge found that Movant was competent to enter the plea and that it was knowing and voluntary and recommended that the Court accept the plea. *Id.* at 9; CR Doc. 23. No objections were filed, and the Court accepted the report and recommendation. CR Doc. 24.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 10. CR Doc. 26, ¶ 23. He received a three-level enhancement for an offense involving physical contact, *id.* ¶ 24, and a two-level enhancement because the victim sustained bodily injury. *Id.* ¶ 25. He received a chapter four enhancement because he had at least two prior felony convictions for controlled substance offenses and was a career offender; thus, his offense level became 32. *Id.* ¶ 30. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 29 and a criminal history category of VI, Movant's

guideline range was 151 to 188 months. *Id.* ¶ 63. Movant filed objections, CR Doc. 29, and the probation officer prepared an addendum to the PSR. CR Doc. 30.

The Court sentenced Movant to a term of imprisonment of 151 months, noting that the same sentence would have been imposed even if the guideline calculation were incorrect. CR Doc. 50 at 12; CR Doc. 39. Movant appealed. CR Doc. 41. The United States Court of Appeals for the Fifth Circuit determined that Movant had not shown that the plea agreement and waiver were invalid. It affirmed his conviction and dismissed the appeal in part, declining to consider his contention that he received ineffective assistance of counsel. *United States v. Figueroa*, 809 F. App'x 264 (5th Cir. 2020).

## GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion, all alleging ineffective assistance of counsel. Doc.[2] 1 at 7, 11. In support of his first ground, he says that his attorney never told him his sentence could be greatly increased if he was a career offender. *Id.* In support of his second ground, he says that the victim did not sustain significant injuries and his attorney erred in allowing him to sign the factual resume, failing to object to the enhancement, and failing to argue against it. *Id.* In support of his third ground, Movant urges that he was denied effective assistance because his attorney failed to make proper objections and arguments about whether he was a career offender. *Id.*

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

# APPLICABLE LEGAL STANDARDS

## A.      § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Movant complains that his attorney failed to advise him that his sentence could be greatly increased if he was a career offender. He says that his attorney told him he was looking at a two-year sentence and that he would not have pleaded guilty

6

had he known he was facing twelve to fifteen years. Doc. 1 at 7, 11. Even if true, what movant says does not vitiate his plea. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). Even the failure to warn of the possibility of a career offender enhancement does not affect the plea.[3] *United States v.* Bazan, 77 F.3d 473, 1995 WL 798424, at *3 (5th Cir. 1995) (unpublished but precedential).[4] A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

The contention that Movant did not know the potential sentence he faced is belied by the record. Movant testified under oath that he understood that he faced a maximum term of twenty years' imprisonment; that no one could predict the Court's consideration of the guidelines in his case; and, that no promises had been made to induce him to plead guilty. CR Doc. 49. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement are entitled to the presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Both set forth the penalties to which Movant was subject. CR Doc.20; CR Doc. 18.

---

[3]The Court notes that the government is not required to give notice that career offender status may be sought in a case like this where sentencing is pursuant to the guidelines. *United States v. Marshall*, 910 F.2d 1241, 1245 (5th Cir. 1990).

[4]5th Cir. Local R. 47.5 (unpublished opinions issued before January 1, 1996, are precedential).

In support of his second ground, Movant complains about the two-level enhancement for bodily injury sustained by the victim. Doc. 1 at 7, 11. In light of the fact that Movant was sentenced as a career offender, the two-level enhancement is irrelevant. But, in any event, the record reflects that it was properly applied.[5] CR Doc. 26; CR Doc. 30. Movant's count of conviction is a crime of violence under the sentencing guidelines. *United States v. Hernandez-Hernandez*, 817 F.3d 207, 215–17 (5th Cir. 2016). He necessarily had to admit that he caused bodily injury. *See* CR Doc. 20. And, the injury he caused was a painful and obvious one. CR Doc. 26, ¶ 18.

In support of his third ground, Movant alleges that his counsel was ineffective in failing to establish that Movant should not have been treated as a career offender. Doc. 1 at 7, 11. He contends that his "conviction in the state of Massachusetts in 2010 should not count for career offender," but offers no support. *Id.* at 7. His conclusory allegation is wholly insufficient. *Miller*, 200 F.3d at 282. But, in any event, his underlying convictions qualified as serious drug offenses, as explained in the PSR. CR Doc. 26. *See United States v. Hudson*, 823 F.3d 11, 14–15 (1st Cir. 2016). And, as explained at sentencing, the sentence imposed would have been the same even had the guideline calculation been incorrect. CR Doc. 50 at 12.

---

[5]Contrary to Movant's argument, his counsel did object and argue that the injury was minor and that Movant should receive a below-guideline sentence. CR Doc. 29; CR Doc. 50 at 6–7.

**ORDER**

The court **ORDERS** that the relief sought by Movant in his motion under § 2255 be, and is hereby, **DENIED**.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further **ORDERS** that a certificate of appealability be, and is hereby, denied, as Movant has not made a substantial showing of the denial of a constitutional right.

**SIGNED** June 2, 2021.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE